UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Marilyn S. Bertz, | ) | Case No. 05 B 06830 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable John D. Schwartz |
| _____ | ) | |
| | ) | |
| Marjorie J. Prochaska, | ) | Adv. No. 05 A 02482 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Marilyn S. Bertz, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on the motion to dismiss the amended complaint filed by the debtor and defendant, Marilyn S. Bertz ("Bertz").

**Background**

Bertz filed a petition for protection under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§101, *et seq.*, on February 28, 2005. A meeting was held pursuant to §341 of the Bankruptcy Code and the trustee filed a No Asset Report on April 13, 2005. On May 26, 2005, plaintiff Marjorie J. Prochaska ("Prochaska") filed a motion to extend the time to file an objection to Bertz' discharge. The motion was granted, by order entered on June 8, 2005, setting August 31, 2005 as the last day to file an objection. A second order was entered on August 2, 2005, setting the last day to file an objection of October 28, 2005.

On October 18, 2005, Prochaska filed an adversary complaint requesting judgment that

Bertz's discharge be denied. At a status hearing on November 9, 2005, the court advised the parties that the complaint was deficient in several respects and gave Prochaska leave to file an amended complaint. An order was entered on that date, giving Prochaska until December 9, 2005 to file an amended complaint and Bertz until January 6, 2006 to answer or otherwise plead in response. An amended complaint was filed on December 8, 2005. On December 26, 2005, Bertz filed a motion to dismiss the amended complaint.

The facts alleged by Prochaska are as follows. Bertz is the owner of her home located at 2610 South Stratford Avenue, Westchester, Illinois ("Westchester Property"). On or about May 31, 2001 Bertz began receiving financial assistance from her brother, Ernest Sims ("Sims"). She continued to receive such assistance for about a year and the total of the assistance was less than $46,000. On or about May 8, 2003, Bertz refinanced the mortgage on the Westchester Property; the new loan was in the amount of $123,500 ("Loan"). In connection with the Loan, the property was appraised for $265,000.

On or about May 13, 2003, Bertz was driving a motor vehicle when she struck Prochaska, rendering Prochaska a paraplegic. On or about June 13, 2003, Prochaska filed a lawsuit in the Circuit Court of Cook County against Bertz, alleging injuries resulting from the accident ("Lawsuit"). A few days after the accident, Bertz and Sims discussed for the first time a potential repayment of funds by Bertz to Sims. The conversation was initiated by Bertz. She proposed a transfer of the Westchester Property to Sims.

On June 19, 2003, Sims wrote a letter to Bertz summarizing their agreement regarding the transfer of the Westchester Property. The letter states, "I have been performing without payment, many varied and valuable services to maintain the [Westchester Property] and have offered other

valuable consideration which has been accepted. We have agreed in lieu of past or future payment, you have offered, and I accept title to the [Westchester Property]." Sims has provided Bertz with less than $6000 in financial assistance since the accident.

Following the transfer of the Westchester Property, Bertz continued to make the payments on the Loan. She did not notify the lender of the transfer and transfer taxes were not paid. She continues to live in the house and pays the real estate taxes and insurance on the property.

On or about January 24, 2005, Bertz entered into an agreed judgment order in the state court lawsuit in which she agreed to entry of a judgment against her and in favor of Prochaska in the amount of $1,500,000.

The first cause of action alleges that Bertz should be denied a discharge under §727(a)(2)(A) of the Bankruptcy Code because Bertz transferred that Westchester Property to Sims with the intent to hinder, delay or defraud Prochaska.

The second cause of action alleges that Bertz should be denied a discharge under §727(a)(4) of the Bankruptcy Code because she made a false oath in connection with her bankruptcy petition by concealing the fact that she maintains an interest in the Westchester Property.

The third cause of action alleges that Bertz should be denied a discharge under §727(a)(5) of the Bankruptcy Code because she failed to satisfactorily explain the transfer of the Westchester Property for less than reasonably equivalent consideration.

## Discussion

Generally, the federal system of notice pleading does not favor dismissal for failure to

state a claim. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir.1988); Wright v. International Business Machines Corp., 796 F. Supp. 1120, 1124 (N.D. Ill. 1992). However, dismissal is appropriate if the plaintiff can prove no set of facts in support of its claim that would entitle it to the relief requested. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Illinois Health Care Ass'n v. Illinois Dept. of Health, 879 F.2d 286, 288 (7th Cir. 1989); Wright v. International Business Machines Corp., 796 F. Supp. 1120.

When deciding a motion to dismiss for failure to state a claim the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. If the complaint fails to state claim upon which relief can be granted when viewed in light most favorable to the plaintiff the court must dismiss the complaint. Horton v. Marovich, 925 F. Supp. 532 (N.D. Ill. 1996).

First Cause of Action

Prochaska seeks relief under §727(a)(2) of the Bankruptcy Code which provides that:

a) The court shall grant the debtor a discharge, unless--
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
(A) property of the debtor, within one year before the date of the filing of the petition;

Under this section, an objection to discharge will be sustained if the objecting party alleges and proves the following elements: (1) the debtor transferred, removed, destroyed, mutilated or concealed property; (2) belonging to the estate; (3) within one year of filing the petition; and (4) with the intent to hinder, delay or defraud a creditor of the estate. In re Kontrick, 295 F.3d 724, 736 (7th Cir. 2002). A concealment for the purposes of §727(a)(2)

consists of "failing or refusing to divulge information to which creditors were entitled." Structured Asset Services, L.L.C. v. Self (In re Self), 325 B.R. 224, 237 (Bankr. N.D. Ill.2005). "A concealment will be found when a debtor purports to transfer an asset, making it appear as if he no longer owns it, but he in fact retains an interest in the asset." Self, 325 B.R. at 238.

The statute requires that the transfer have taken place within one year of the bankruptcy filing in order to be the basis of the denial of a discharge. "However, under the doctrine of continuing concealment, 'where property is transferred more than one year before bankruptcy, a discharge may nonetheless be denied if the concealment of any retained interest in that property continues into the statutory one-year period, coupled with the requisite intent." Id. (quoting Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein (In re Holstein), 272 B.R. 463, 474 (Bankr. N.D. Ill. 2001)). "If a creditor can establish that the debtor retained either control or an equitable interest in the property, courts have denied discharge under the doctrine of continuing concealment." Id.

Here, Prochaska alleges that Bertz transferred property more than one year before filing the petition, but concealed the transfer with the intent to hinder, delay or defraud Prochaska. She alleges that Bertz concealed the transfer by continuing to live in the house, by paying the real estate taxes and insurance on the property and by failing to notify the lender of the transfer and pay transfer taxes. Prochaska will, of course, have to prove these allegations but these allegations do constitute a cause of action under §727(a)(2) of the Bankruptcy Code.

Second Cause of Action

Prochaska also seeks relief under §727(a)(4) of the Bankruptcy Code which provides in pertinent part that:

>    a) The court shall grant the debtor a discharge, unless–
>    (4) the debtor knowingly and fraudulently, in or in connection with the case –
>    (A) made a false oath or account;
>    (B) presented or used a false claim;

Prochaska alleges that the Westchester Property is not listed on the Bertz' schedules in spite of the allegation that she continues to have an interest in the property. She also alleges that Bertz failed to list the lender of the Loan as a creditor on her schedules. If either of these allegations is true, it forms the basis of a cause of action under §727(a)(4).

Third Cause of Action

Prochaska also seeks relief under §727(a)(5) of the Bankruptcy Code which bars a debtor's discharge when a debtor fails to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities. "Section 727(a)(5) is broadly drawn and clearly gives a court broad power to decline to grant a discharge in bankruptcy where the debtor does not adequately explain a shortage, loss, or disappearance of assets." First Federated Life Insurance Co. v. Martin (In re Ronald A. Martin), 698 F.2d 883 (7th Cir. 1983).

If Prochaska is able to prove that Bertz transferred the Westchester Property for less than adequate consideration and that she has no explanation satisfactory to this court, then Bertz will be denied a discharge. Therefore, the third cause of action withstands the motion to dismiss.

This Court's Prior "Ruling"

Bertz argues that this court dismissed the original complaint and that that dismissal is a ruling on the merits. She further argues that the amended complaint contains no new allegations and that the prior ruling applies to the amended complaint as the law of this case. This characterization of what transpired in court on November 9, 2005 and of the amended complaint

-6-

could not be further from the truth.

At a status hearing on November 9, 2005, the court advised the parties that the complaint was deficient in several respects and gave Prochaska leave to file an amended complaint. An order was entered on that date, giving Prochaska until December 9, 2005 to file an amended complaint and Bertz until January 6, 2006 to answer or otherwise plead in response. That order did not constitute, by any stretch of the imagination, a ruling on the merits. It reflected an agreement among the parties and the court that the original complaint was deficient and that the plaintiff would have the opportunity to amend it.

An amended complaint was filed on December 8, 2005. The amended complaint expanded upon the original factual recitation, providing newly adequate specificity and set forth, far more clearly, the statutory predicate for each cause of action.

### Conclusion

For the foregoing reasons, the motion to dismiss will be denied.

**ENTERED:**

Date: June 15, 2006

John D. Schwartz
United States Bankruptcy Judge